**Affirmed and Memorandum Opinion filed October 18, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-01051-CV

---

**MARY E. HALEY, Appellant**

**V.**

**HARRIS COUNTY, ON BEHALF OF ITSELF AND THE FOLLOWING COUNTY-WIDE TAXING AUTHORITIES, THE HARRIS COUNTY DEPARTMENT OF EDUCATION, THE PORT OF HOUSTON AUTHORITY OF HARRIS COUNTY, THE HARRIS COUNTY FLOOD CONTROL DISTRICT, THE HARRIS COUNTY HOSPITAL DISTRICT, CITY OF HOUSTON, HOUSTON INDEPENDENT SCHOOL DISTRICT, AND HOUSTON COMMUNITY COLLEGE SYSTEM, Appellees**

---

**On Appeal from the 129th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-36582**

---

## M E M O R A N D U M   O P I N I O N

Pro se appellant, Mary E. Haley, appeals from a judgment assessing delinquent property taxes against her. Finding no error, we affirm.

### BACKGROUND

In 1976, Haley's father deeded a parcel of real property located at 945 Wakefield

Drive, Houston, Harris County, to Haley subject only to a retained life estate.[1]

Appellees sued Haley for delinquent property taxes. On August 27, 2010, Haley filed her pro se answer, which she titled: "General Denial Of Original Petition." In her answer, Haley generally denied appellees' allegations. On October 17, 2011, Haley filed her "Respondent's Abatement Of All Alleged Jurisdiction Over Respondent and Authority Over Real Property Owned and Held By Respondent's Family For Over Fifty Years," which she considered a special appearance. In this lengthy document, Haley admitted she owned and resided at the 945 Wakefield Drive property and then asserted that she is "sovereign," has "vested rights" in the Wakefield Drive property, and because her real property was not "commercial property," it was not subject to taxation by appellees unless she consented. Haley then asserted that:

> A resident alien and non-residential alien should be taxed for the privilege of residing in Texas, but it cannot apply to a sovereign, born on the soil of Texas, that claims his unalienable right to private property, his claim to be domicile [sic] on such property and his claim of exemption, even if found in commerce, as clarified by the Homestead Act of 1854.

Haley then argued that "it has always been voluntary for respondent to decide whether to render her private non-income producing property for taxation." Haley continued her argument by asserting that appellees "do not have a rendering form, submitted by respondent, associated with respondent's private non-income producing property." Finally, Haley argued that her "private non-income producing property is not 'in this state' as defined by Sec. 151.004 of the Texas Tax Code."[2]

---

[1] The full legal description of the 945 Wakefield Drive property is:

A tract or parcel out of Lot 52 of Oak Grove, a subdivision in Harris County, Texas according to the map or plat thereof recorded in Volume 9, Page 62 of the Map Records of Harris County, Texas; being more particularly described by metes and bounds in a deed from C.R. Monnette and wife, Helen Marie Monnette to Charles Haley and wife, Lucy Haley dated July 24, 1946 and recorded in Volume 1487, Page 681 of the Deed Records of Harris County, Texas.

[2] Chapter 151 of the Texas Tax Code addresses sales, excise, and use taxes. Tex. Tax Code Ann. § 151.001 (West 2008). Section 151.004 provides that "'In this state' means within the exterior limits of Texas and includes all territory within these limits ceded to or owned by the United States."

2

The case was called to trial on November 1, 2011 before the Honorable Kristen Brauchle, Tax Master, acting on behalf of the 129th District Court of Harris County. The reporter's record of the November 1, 2011 trial indicates there was a previous hearing before the Tax Master in which Haley's special appearance was addressed and denied. At the beginning of the November 1 trial, Haley re-urged her special appearance: "I am questioning the jurisdiction of the court and it is my understanding that this has to stop until he proves jurisdiction. He has not proven jurisdiction, and this all depends on whether this is taxable property located in this case." The Tax Master referenced the prior hearing when Haley's jurisdictional issues were discussed and then stated:

> And we talked about where your property is located, and I ruled that those were overruled, and we were going to trial today. So I have found there is subject matter jurisdiction for this court over this subject matter.

The appellees then presented their case. Appellees initially offered into evidence a certified delinquent tax statement for the real property located at 945 Wakefield Drive. The delinquent tax statement demonstrated that the past due taxes, penalties, and interest totaled $10,223.10. Appellees next offered an affidavit of abstractor's fees totaling $300.00. Finally, appellees offered the previously-mentioned deed of June 4, 1976 in which Haley's father conveyed the 945 Wakefield Drive lot to Haley. Haley lodged hearsay objections to each of the documents, which the Tax Master overruled.

The Tax Master filed her report that same day. In the report, the Tax Master found that delinquent taxes, interest, and penalties totaling $10,223.10 were owed on the 945 Wakefield Drive property. The judge of the 129th District Court accepted the report and entered judgment for the amounts recommended by the Tax Master. This appeal followed.

## ANALYSIS

Haley raises twelve issues on appeal. It is difficult to determine from her brief the exact nature and scope of Haley's complaints. Some of Haley's arguments are simply

3

incomprehensible.[3]  Most are presented in such a way that it is difficult to determine, with any degree of certainty, the precise nature of the complaints or their relevance to this appeal.  Even indulging in a liberal construction of the briefing rules, we cannot escape the conclusion that these briefing deficiencies result in waiver.  Tex. R. App. P. 38.1(f); *Canton-Carter v. Baylor College of Medicine*, 271 S.W.3d 928, 930 (Tex. App.— Houston [14th Dist.] 2008, no pet.).  Nevertheless, in the interest of justice, we will consider Haley's issues on the merits to the degree we can.  *See Williams v. Khalaf*, 802 S.W.2d 651, 658 (Tex. 1990).

## I.  Denial of Special Appearance

In her second issue on appeal, Haley contends the trial court erred when it overruled her special appearance because appellees failed to prove the trial court had personal jurisdiction over her.  We disagree.

Rule 120a of the Texas Rules of Civil Procedure provides, in pertinent part:

a special appearance may be made by any party . . . for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant on the ground that such party or property is not amenable to process issued by the courts of this State . . . .

---

[3] In her first issue, Haley argues:

Appellee failed to obtain an original writ from Chancery with the great seal to initiate law suit.  This matter of the great seal is the foundation of the jurisdiction of the court, being the King's warrant for the judges to proceed to the determination of the cause.

In her fourth issue, Haley contends:

Appellee created false documentation, a special report, private investigation, for the purpose of obtaining a consensus from a master in chancery for appointing an ad litem to defend the estate of appellant.  Appellee lied.  Ad litem attorney who was appointed failed to defend the estate.

In her fifth issue, Haley contends:

Appellee coerced Appellant into a tax court through the appointed ad litem attorney where the Apellant never had a remedy.

Haley did not expand on or explain these issues in the body of her brief.  Because we are unable to discern her exact contentions or how they relate to the issues in this appeal, we overrule Haley's first, fourth, and fifth issues.  Tex. R. App. P. 38.1(f); *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

4

Tex. R. Civ. P. 120a. This procedure was designed only to allow a nonresident defendant to challenge the power of a state court to exercise jurisdiction over the defendant's person or property. *Graf v. Rodriguez*, No. 14-00-01551-CV, 2001 WL 520844, at *2 (Tex. App.—Houston [14th Dist.] May 17, 2001, no pet.) (not designated for publication) (citing *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 201 (Tex. 1985)). Amenability to process issued by the courts of this state is the only issue to be determined at a special appearance hearing. *Id.* (citing *Texas Commerce Bank Nat'l Ass'n v. Interpol 1980 Ltd. P'ship*, 703 S.W.2d 765, 775 (Tex. App.—Corpus Christi 1985, no writ)). Accordingly, the special appearance procedure is available only to nonresidents. *Id.* (". . . Graf conceded at oral argument that he is a Texas resident. Thus, a special appearance is not available to Graf."). Here, Haley admitted she was a Texas resident; therefore a special appearance was not available to her. *Id.* We overrule Haley's second issue.

## II.     Appellees' Authority to Impose Taxes on Haley's Real Property

In her third, sixth, seventh, ninth, tenth, and eleventh issues on appeal, Haley challenges appellees' authority to impose taxes on her real property. The Texas Constitution provides that all real property located in the State of Texas, whether owned by a natural person or a corporation, shall be taxed in proportion to its value. Tex. Const. art. VIII, § 1(b). An owner of real property need not render her property before it can be taxed. *Id.* art. VIII, § 11. The Texas Tax Code provides that real property is taxable by a taxing unit if the real property is located within the boundaries of the taxing unit on the first day of January of the tax year. Tex. Tax Code Ann. § 21.01 (West 2008). A "taxing unit" is defined as

> a county, an incorporated city or town . . ., a school district, a special district or authority (including a junior college district, a hospital district, a district created by or pursuant to the Water Code, a mosquito control district, a fire prevention district, or a noxious weed control district), or any other political unit of this state, whether created by or pursuant to the constitution or a local, special, or general law, that is authorized to impose and is imposing ad valorem taxes on property even if the governing body of another political unit determines the tax rate for the unit or otherwise governs its affairs.

5

*Id.* at § 1.04(12).

Appellees introduced into evidence a deed establishing that, in 1976, Haley became the owner of the 945 Wakefield Drive property. In addition, Haley acknowledged she was the owner of that real property. The deed also established that the 945 Wakefield Drive property was "located at Lot 52A of Oakgrove Addition, an addition to the City of Houston, in Harris County, Texas." This evidence supports the trial court's judgment because it shows that the 945 Wakefield Drive property is located in Texas and is therefore subject to taxation. We further conclude appellees are "taxing units" as defined by the Tax Code and therefore have the authority to impose taxes on Haley's real property. We overrule Haley's third, sixth, seventh, ninth, tenth, and eleventh issues.

## III. Failure to Exhaust Administrative Remedies

In her eighth issue on appeal Haley contends the trial court erred in rendering judgment against her because appellees failed to exhaust administrative remedies. Once again, we disagree.

The Texas Tax Code provides detailed administrative procedures for taxpayers who wish to contest their property taxes. *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006). When an agency has exclusive jurisdiction, a party must exhaust administrative remedies before seeking judicial review of the agency's actions. *Appraisal Review Bd. of Harris Cnty. v. O'Connor & Assocs.*, 267 S.W.3d 413, 416 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Therefore, it is property owners who have the burden to exhaust administrative remedies before seeking judicial review, not the taxing authorities. *Id.* at 417. We overrule appellant's eighth issue.

## IV. Findings of Fact and Conclusions of Law

In her twelfth and final issue, Haley contends the trial court erred when it failed to make findings of fact and conclusions of law. Again, we disagree.

6

When properly requested, the trial court has a mandatory duty to file findings of fact and conclusions of law. Tex. R. Civ. P. 296, 297; *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989). Here, Haley failed to make a proper request for findings of fact and conclusions of law. Rule 296 requires that a party must make its request for the trial court to file findings of fact and conclusions of law within twenty days after the judgment is signed. Tex. R. Civ. P. 296. Haley met that requirement, as she filed her request the same day that the trial court signed the judgment. *See* Tex. R. Civ. P. 306c (prematurely filed requests for findings of fact and conclusions of law are deemed to have been filed on the date of but subsequent to the signing of the judgment). When the trial court failed to file its findings of fact and conclusions of law within twenty days after Haley's request however, Haley was required to file a "Notice of Past Due Findings of Fact and Conclusions of Law." Tex. R. Civ. P. 297. Haley did not file this required notice and, as a result, she has waived the right to complain on appeal about the trial court's failure to file findings of fact and conclusions of law. *Curtis v. Comm'n for Lawyer Discipline*, 20 S.W.3d 227, 232 (Tex. App.—Houston [14th Dist.] 2000, no pet.). We overrule Haley's twelfth issue on appeal.

## CONCLUSION

Having overruled Haley's issues on appeal, we affirm the trial court's final judgment.

/s/    J. Brett Busby
Justice

Panel consists of Chief Justice Hedges and Justices Brown and Busby.

7